IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT
IN & FOR ORANGE COUNTY FLORIDA

Case Number _____

FEDERICO CABRAL,

    Plaintiff,

v.

6:12-CV-742-orl-37DAB

ALBERTO & ALBERTO
ENTERPRISE CORP.

    Defendant.

## Complaint

1. The Plaintiff, Federico Cabral, sues Alberto & Alberto Enterprise Corp. doing business as Caribbean Food Market pursuant to Fla. Const. Art. X § 24 and 29 U.S.C. § 216(b) for violating 29 U.S.C. § 215(a)(2).

2. Plaintiff alleges damages in excess of $15,000.

3. All events occurred in Orange, County, State of Florida.

4. Plaintiff is a resident of Florida.

5. Defendant is a Florida profit corporation.

6. Prior to filing suit Plaintiff requested his monies to be paid via certified letter dated July 23, 2011 (Exhibit A) and received by Defendant on July 28, 2011.

7. Plaintiff was an employee of Defendant.

8. Defendant has sales and/or gross receipts of over $500,000 per year.

1

9. Defendant has not denied that it grosses in excess of $500,000 per year. In fact, Defendant never responded to Plaintiff's July 23, 2011 letter.

10. Defendant is an enterprise as defined by 29 U.S.C. § 203(r).

11. Defendant is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s).

12. Defendant did not keep accurate time records.

13. Plaintiff was entitled to receive minimum wages and overtime.

14. Plaintiff worked from December 12, 2009 through December 26, 2010.

15. Plaintiff worked all holidays except New Year and Christmas.

16. Plaintiff worked Tuesdays through Saturdays 8:00 a.m. to 8:00 p.m.

17. Plaintiff worked Sundays 9:00 a.m. to 5:00 p.m.

18. Plaintiff worked approximately 65 hours per week.

19. Defendant paid Plaintiff $400 per week.

20. Defendant willfully violated both the Florida Constitution and the Fair Labor Standards Act.

Count I – Fla. Const. Art. X § 24

21. Plaintiff reincorporates paragraphs 1 through 20 as if fully stated herein.

22. Plaintiff earned less than the minimum wage in one or more hours each week.

23. Plaintiff was entitled to at least the minimum wage each hour he worked.

24. Defendant in reckless disregard of the Florida Constitution paid Plaintiff less than the minimum wage.

Wherefore, Plaintiff demands payment of the minimum wage at the correct rate, plus an equal amount in liquidated damages as well as attorneys' fees and costs.

Count II – 29 U.S.C. § 206(a)

25. Plaintiff reincorporates paragraphs 1 through 20 as if fully stated herein.

26. Plaintiff earned less than the minimum wage each week.

27. Plaintiff was entitled to at least the minimum wage each week.

28. Defendant in reckless disregard of the Fair Labor Standards Act paid Plaintiff less than the minimum wage.

Wherefore, Plaintiff demands payment of the minimum wage at the correct rate, plus an equal amount in liquidated damages as well as attorneys' fees and costs.

Count III – 29 U.S.C. § 207(a)(1)

29. Plaintiff reincorporates paragraphs 1 through 20 as if fully stated herein.

30. Plaintiff worked more than 40 hours in one or more workweeks without receiving overtime in accordance to 29 U.S.C. § 207(a)(1).

31. Plaintiff should have received time and half his regular rate of pay for all hours worked in excess of 40.

Wherefore, Plaintiff demands payment of overtime at the correct rate, plus an equal amount in liquidated damages as well as attorneys' fees and costs.

Respectfully submitted this 5th day of April 2012,

Bernard R. Mazaheri
Florida Bar Number 643971
Morgan & Morgan
6824 Griffin Road
Davie, Florida 33314
Telephone – (954)318-0268
Facsimile – (954)333-3515
Email – BMazaheri@forthepeople.com
Attorney for Plaintiff