# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

FEDERICO CABRAL,

        Plaintiff,

vs.                                   Case No: 6:12-cv-742-Orl-37DAB

ALBERTO & ALBERTO ENTERPRISE CORP.,

        Defendant.

## ORDER

This cause is before the Court on the Court's own Motion. The parties to this action, in which Plaintiff asserts a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, appear to seek to avoid submitting a settlement agreement for a fairness review, as required by *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982), by filing a joint stipulation of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (*See* Doc. No. 12.) After the Court directed the parties to provide it with information regarding the circumstances of the voluntary dismissal, (Doc. No. 13), Plaintiff filed a Notice in which he asserts the stipulation is self-executing and divests the Court of jurisdiction, (Doc. No. 14). In support of this proposition, Plaintiff cites *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272 (11th Cir. 2012), as well as other non-binding authorities.

This Court is not persuaded that its obligation to review an FLSA claim settlement can be purposely evaded by the parties' reliance on a procedural mechanism for terminating the litigation. Indeed, the parties' ability to stipulate to a dismissal of an action pursuant to Rule 41(a)(1)(A)(ii) is "[s]ubject to . . . any applicable federal statute."

It is the Court's view that the FLSA is an "applicable federal statute" and, therefore, the parties may not stipulate to the dismissal of an FLSA claim without a court order. *See Pearson v. THD at Home Services, Inc.*, No. 10-14463, slip op. at 5-6 (11th Cir. Aug. 12, 2011) (dismissing an interlocutory appeal of an order denying a joint stipulation of dismissal in an FLSA case); *see also Fread v. The New York Times Co.*, No. 10-cv-5646, slip op. at 1-3 (E.D.N.Y. Apr. 29, 2012) (finding a Rule 41(a)(1)(A)(ii) stipulation ineffective because the FLSA is an "applicable federal statute"); *Lotierro v. Mario's Pizza of Bohemia, Inc.*, No. 11-cv-3554, slip op. at 1-2 (E.D.N.Y. Apr. 4, 2012) (same). This view is reinforced by the plain meaning and structure of the FLSA; its unique significance and legislative history; its exclusive remedies; and over seventy years of judicial application of its provisions. *See, e.g., Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227 (M.D. Fla. 2010) (Merryday, J.).

Nonetheless, this Court is not inclined to chase after parties to a non-collective FLSA action who seek to evade the process required to achieve an enforceable settlement of an FLSA claim.[1] To the extent the parties' resolution of the instant action is a compromise of <u>any</u> sort, <u>it is unenforceable</u>.[2] The Court will not entertain an application for the enforcement of any agreement between the parties and will not entertain any application for attorney's fees and costs in this case.

The Court hereby construes the parties' stipulation as a Motion pursuant to Rule

---

[1] Nor is the Court interested in protecting counsel from any claim which may arise from their failure to seek approval of a settlement in which a plaintiff compromises an FLSA claim.

[2] As noted by Judge Merryday in *Skeen v. Seminole Machine & Welding, Inc.*, No. 8:11-cv-223, slip op. 2-3 (M.D. Fla. Jun. 21, 2012), <u>any</u> bargained for legal detriment to the Plaintiff (other than a simple release of the claim asserted) or benefit to the defendant requires approval from a district court or the U.S. Department of Labor.

41(a)(2) to dismiss this action, which will be granted.

In view of the above, it is hereby **ORDERED AND ADJUDGED**:

This action is **DISMISSED WITH PREJUDICE**. The Clerk is directed to close the case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 19, 2012.

ROY B. DALTON JR.
United States District Judge

Copies:

counsel of record

3